UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES MIDDLESWORTH, ) | CASE NO. 5:07CV1683 |
| ) | |
| Petitioner, ) | JUDGE PETER C. ECONOMUS |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| STATE OF OHIO, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |

Pursuant to 28 U.S.C. §2254, Petitioner James Middlesworth, a prisoner in custody at the North Central Correctional Institution, seeks review of his Wayne County Ohio Court of Common Pleas conviction for three counts of rape in violation of Ohio Revised Code ("O.R.C") § 2907.02. ECF Dkt. #1. The case was referred to the undersigned for a report and recommendation. ECF Dkt. #3.

The undersigned recommends that the Court dismiss the instant petition for the following reasons:

**I.    SYNOPSIS OF THE FACTS**

The Ninth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Ninth District Court of Appeals, the facts are:

> {¶ 2} Mr. Middlesworth has fathered children with three different women: June bore him a daughter, D.B., currently age eleven (dob 7/12/94); Amy bore him a daughter, N.P., age nine (dob 7/26/96); and Kim bore him a son, C.P., age four (dob 9/25/01). June also had two daughters from another relationship: B.M., age eight (dob 11/11/97); and F.M., age five (dob 3/12/00). Mr. Middlesworth was living with June and her three daughters on March 10, 2004, when the police were summoned to resolve a domestic dispute. Although the resulting charges against Mr. Middlesworth were eventually dismissed, the incident precipitated accusations by the three girls that Mr. Middlesworth had raped each of them at some point in the past. Further

investigation prompted Amy's daughter, N.P., to accuse Mr. Middlesworth of having raped her at some prior, unrelated time, as well.

{¶ 3} The State indicted Mr. Middlesworth on five counts of rape: for twice raping D.B., in violation of R.C. 2907.02, a first degree felony (Counts 1 and 2); for raping B.M., in violation of R.C. 2907.02, a first degree felony (Count 3); for raping F.M., in violation of R.C. 2907.02, a first degree felony (Count 4); and for raping N.P., in violation of R.C. 2907.02, a first degree felony (Count 5). Mr. Middlesworth pled not guilty and the case proceeded to a jury trial.

{¶ 4} The jury convicted Mr. Middlesworth for the rapes of D.B. and N.P. (Counts 1, 2, and 5), but acquitted him of the charges by B.M. and F.M. (Counts 3 and 4). The trial court entered judgment and sentenced him accordingly. Mr. Middlesworth timely appealed, asserting two assignments of error for review.

\* \* \*

{¶ 12} Mr. Middlesworth was charged with five counts of rape, which is codified as: "No person shall engage in sexual conduct with another who is not the spouse of the offender * * *, when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C. 2907.02(A)(1)(b). The jury heard testimony from 13 witnesses. The State produced 10 witnesses, including each of the four victims, their parents, an investigating officer, and various social workers and/or experts. The defense produced three witnesses: Mr. Middlesworth, his mother, and his sister. Upon acknowledging that such testimony will inevitably produce some inconsistent or conflicting assertions, we recognize the sound principal that the trier of fact is best positioned to weigh the credibility of the individual witness and reach a conclusion based on the totality of the evidence. *See State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.

{¶ 13} The child-victims testified to the specifics of the individual rapes. The victims' mothers testified to their relationships with Mr. Middlesworth and the children's behavior surrounding the times of the incidents. The social workers and investigating officers testified about the investigation of the allegations, the children's accusations and Mr. Middlesworth's response, all of which implicated Mr. Middlesworth in the alleged crimes. Mr. Middlesworth testified in his own defense; he denied the accusations and asserted that the children's mothers had coaxed the children in these accusations, due to their bitterness towards him. Mr. Middlesworth's mother and sister testified that they had observed him with the children on numerous occasions and had never witnessed anything suspicious.

*State v. Middlesworth*, No. 05CA0016., 2006 WL 13037 at \*1, \*3 (Ohio App. 9 Dist. Jan. 4, 2006).

## II.    ANALYSIS

On June 6, 2007, Petitioner, through counsel, filed the instant Petition for habeas corpus relief. That petition, however, fails to clearly enumerate any constitutional claims and supporting facts. *See* ECF Dkt. #1. On October 25, 2007, Respondent filed a return of writ. ECF Dkt. #6. Petitioner filed no traverse. Therefore, Petitioner's claims remained unclear. Pursuant to Rule 2(c)

of the Rules Governing Section 2254 Cases the undersigned issued an order on May 21, 2008 directing Petitioner to file an amended petition on Form AO 241 (Rev. 10/07) ("Petition for Writ of Habeas Corpus by a Person in State Custody") or a document which substantially duplicates that form on or before June 23, 2008. ECF Dkt. #7. The undersigned cautioned that, if Petitioner failed to comply with the order, it would be recommended that the Court dismiss the instant petition.

As of this date, neither Petitioner nor his lawyer has filed an amended petition. Therefore, the undersigned must endeavor to interpret the petition and identify the constitutional claims. The undersigned surmises the following alleged grounds for relief:

> **[Ground One:]**   The Petitioner was denied his constitutional right to a fair trial due to the fact that the trial court permitted children to testify who were not properly determined to be competent witnesses.
>
> **[Ground Two:]**   The Petitioner was denied his right to a fair trial as well due to his counsel's failure to adequately address the issue of the children being incompetent to testify, as well as failing to request a separate trial for each alleged victim.
>
> **[Ground Three:]**   Finally, his trial counsel failed to properly prepare a defense.
>
> **[Supporting Facts:]**   Numerous facts and witnesses were given to trial counsel who failed to follow up on any of the witnesses or information given to trial counsel. This information would have refuted the testimony of the State's witnesses and would have presented to the jury the fact that these acts were basically impossible to have been committed.

ECF Dkt. #1 at 2-3. The undersigned notes that the Petitioner claims, "The ineffectiveness of trial counsel was not brought up in the lower court due to the fact that the initial appellate counsel failed to raise these issues. On appeal to the Supreme Court of Ohio, no new issues were permitted to be raised." *Id*. at 3. This statement does not appear to be a ground for relief, rather it is an assertion of cause for failure to raise the issues in Grounds Two and Three in the Ohio Court of Appeals.

With regard to Petitioner's first and second grounds for relief, Petitioner has completely failed to identify any facts supporting his contention. The Court is left to wonder which witnesses trial counsel should have challenged, why these witnesses were incompetent. In this particular case, four children testified. The Court should not be responsible for sifting through the substantial record in this case and making all of Petitioner's arguments, especially because he is represented by

-3-

counsel. At the very least, Petitioner should be responsible for identifying the challenged testimony.

With regard to the third ground for relief, although Petitioner alleges that "Numerous facts and witnesses were given to trial counsel who failed to follow up on any of the witnesses or information given to trial counsel," Petitioner does not identify those facts or witnesses. It is not possible for the Court to undertake a meaningful review of counsel's performance when Petitioner has not indicated what evidence was available. Further, Petitioner contends that the evidence would have refuted testimony from prosecution witnesses. Without any further explanation, it is not possible for the Court to determine what effect the evidence might have had on the trial. Therefore, Plaintiff's ineffective assistance of counsel claim lacks any factual support and should be dismissed.

To conduct any further review of the instant petition would set a precedent that would unnecessarily burden the Federal Courts by encouraging petitioners to file bare-bones petitions and letting the Court argue their cases.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition.

Date: June 24, 2008        */s/George J. Limbert*
                            GEORGE J. LIMBERT
                            UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).